IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-461 |
| JASON MATTIS | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The government, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Robert E. Eckert, Assistant United States Attorney for the district, submits this Motion for Pretrial Detention to assist the Court in its ruling on the government's request that the defendant, Jason Mattis, be detained pending trial.

The government moves for pretrial detention because the defendant is both a danger to the community and a flight risk. In this case, on three separate occasions, Mattis lit a Molotov cocktail and threw it at the porch of a residence in Philadelphia.

The defendant committed this offense while on parole for an attempted murder conviction in the City of Philadelphia. The defendant further committed each of the dangerous offenses above after serving a ten to twenty year sentence of incarceration. The defendant's criminal history, that involves the violent crime noted above and a more recent theft offense, and his possession and usage of Molotov cocktails in this case unequivocally demonstrates that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required or the safety of the community. Accordingly, the government moves pursuant to 18 U.S.C. § 3142(e) and (f) for a detention hearing and pretrial detention of this defendant.

I.  **FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

A.  **Probable Cause and The Evidence in this Case**

1. On December 14, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging the defendant with three counts of the possession of an unregistered destructive device, in violation of 26 U.S.C. § 5681(d).  Accordingly, there is probable cause to believe that the defendant committed the offenses described above.

2. The evidence in this case is strong, and the likelihood of conviction is great.

a. On June 30, 2022, and July 1, 2022, defendant Mattis lit a Molotov cocktail and threw it onto a porch of a residence in Philadelphia.  On each occasion, the weapon ignited and started a fire.  The first two incidents that occurred on June 30, 2022, occurred in the middle of the night, and the last occurred during the early evening hours.  On the third occasion, a resident of the house saw Mattis throw the weapon, and he exited his house in an effort to confront him but Mattis fled the area.

b. Following each of the events described above, personnel from the Philadelphia Police Department and the Philadelphia Fire Department responded to the scene and collected evidence.  Evidence from all three scenes was submitted to a laboratory to determine whether gasoline was present and in each instance, the laboratory determined that gasoline was present on the weapon that was thrown by Mattis.

c. In addition, the evidence seized from each scene was submitted to a explosives examiner with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for further

2

forensic analysis. The ATF analyst determined that each of the items possessed by the defendant were incendiary bombs, which are destructive devices as that term is defined in 26 U.S.C. § 5845(f).

    d.    Finally, on September 20, 2022, a search of the National Firearms Registration and Transfer Record was conducted. The search yielded no legally registered destructive devices that were registered to defendant Mattis.

### C. Maximum and Mandatory Minimum Penalty

The total maximum penalty a person for a violation of 26 U.S.C. § 5681(d) is ten years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Thus, the defendant faces a maximum sentence of 30 years imprisonment, three years of supervised release, a $750,000 fine, and a $300 special assessment.

### D. Criminal History

On October 27, 2003, defendant Mattis was convicted of attempted murder, aggravated assault, criminal conspiracy, and possessing instruments of crime in the Philadelphia County Court of Common Pleas. In that case, defendant Mattis was sentenced to a term of 10 to 20 years imprisonment. In addition, on March 12, 2019, defendant Mattis was convicted of retail theft, a first-degree misdemeanor in Montgomery County. The defendant was sentenced to 239 days to 23 months' imprisonment in that case. The defendant was released from state custody in June of 2020 and in addition to committing the offenses charged in the indictment, performed poorly while on state supervision.

His prior convictions for attempted murder and theft, when combined the fact that he routinely appears to commit crimes while under court supervision all amply demonstrate that the

no combination of conditions of release will ensure the safety of the community. While the Court could instruct the defendant to refrain from illegal activity, he presumably received that same instruction when he was released on state parole and subsequently violated the terms of his supervision. This demonstrates that the defendant does not have any regard for following the laws of the United States, the Commonwealth of Pennsylvania, or restrictions placed on him by a court.

        D.      **Community Ties/Employment/Likelihood of Flight**

While the defendant has resided in Philadelphia for much of his life, his ties to the area have not stopped him from committing crimes with dangerous weapons. Furthermore, the fact that he committed these current federal offenses while on supervision for a violent crime demonstrates that he is not willing to follow the directives of this Court. There is no reason for the Court to believe that his community ties would prevent him from committing additional crimes in the future or assure his appearance in court.

**II.**      **CONCLUSION**

When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

The government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

Jacqueline C. Romero
United States Attorney

Robert E. Eckert
Assistant United States Attorney

Dated: December 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 22-461

JASON MATTIS :

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of December, 2022, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section 3142(e)(1) because:

    a.    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    b.    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

    1.    There is probable cause to believe that the defendant has violated Title 26, United States Code, Section 5681(d).

    2.    The evidence in this case is strong, and the likelihood of conviction is great.

    a.    The investigation establishes that in the Eastern District of Pennsylvania, on June 30, 2022 and July 1, 2022, the defendant knowingly possessed a unregistered firearm in

violation of federal law.   The devices that Mattis possessed were incendiary bombs that qualify as destructive devices under Title 26, United States Code, Section 5845(a)(8) and (f)(1).   The destructive devices possessed by Mattis were not registered to him in the National Firearms Registration and Transfer Record.

3. The total maximum penalty the defendant faces upon conviction upon Counts One through Three of the Indictment is: thirty years' imprisonment, a $750,000 fine, three years of supervised release, and a $300 special assessment.

4. The strength and nature of the case against the defendant and the substantial sentence the defendant faces if convicted establish that the defendant is a danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE PAMELA CARLOS
*United States Magistrate Judge*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Motion for Pretrial Detention, and Proposed Order, was served via the Electronic Case Filing (ECF) system.

Robert E. Eckert
Assistant United States Attorney

Dated: December 19, 2022